## MUTUAL LIFE INS. CO. OF NEW YORK v. DAVIS et al.

### No. 10844.

Circuit Court of Appeals, Fifth Circuit.

May 12, 1944.

Louis W. Dawson, of New York City, and Richard B. Montgomery, Jr., of New Orleans, La., for appellant.

Thos. F. Porter, of Lake Charles, La., for appellees.

Before HOLMES, McCORD, and WALLER, Circuit Judges.

McCORD, Circuit Judge.

The Mutual Life Insurance Company of New York issued a policy of insurance, which among other things, provided for the payment of $100 per month and waiver of payment of premiums in the event that Maurice J. Muller, the insured, became totally and permanently disabled within the provisions of the policy.

The insured made proof of total and permanent disability to the Insurance Company, claiming that on June 13, 1936, he suffered a complete heart block. Thereafter the Insurance Company paid him the monthly payments of $100 and waived the premiums that became due up to and including October 10, 1939. On that day the Insurance Company ceased making payments and claimed that the insured was not and had not been totally and permanently disabled.

The insured and his daughter, Mrs. Janice Muller Davis, who owns by donation the proceeds of the insurance policy here under consideration, brought suit against the Insurance Company contending that Maurice J. Muller continued to be permanently and totally disabled under the terms of the policy.

At the conclusion of the evidence a jury returned a verdict for the insured, and the Insurance Company has appealed.

By stipulation of the parties the charge of the court was not included in the record. The only insistence of the Insurance Company is that under the undisputed evidence in the case it was entitled to a directed verdict.

The pertinent facts show that the insured was engaged in the retail mercantile business; he gave up this business in 1930 and entered the banking business at Lake Charles, Louisiana; his position in the bank was that of vice-president and assistant to the president; he also had charge of investments and the buying and selling of securities. He remained with the bank until 1934. Throughout the years he was very successful in business and the evidence is without dispute that his income from his business and investments was from $50,000 to $100,000 per year.

On the 13th day of June, 1936, insured suffered an attack of the heart, which the doctors diagnosed as Stokes-Adams syndrome. "Syndrome" means a group of symptoms occurring together, and Stokes and Adams were the doctors who originally described this certain group of symptoms in connection with the total heart block.

Much of the evidence consists of expert testimony of physicians and surgeons.

Since 1936 the insured has performed no work, but has followed the advice of his physicians by taking light exercise in the way of playing golf, visiting, taking walks, and traveling about the country. He has occasionally attended stockholders' meetings of two corporations in which he was interested, and has answered questions from time to time when interrogated by those who were managing his business. He is very nervous and at times irritable. He receives an income of $25,000 a year from his property and investments.

The Insurance Company employed two detectives or investigators to watch the movements of the insured for several days, but their testimony discloses that they found practically what the insured admitted that he did during each day, the only discrepancy being that they testified that insured drove his car very fast, while insured testified that his car was driven almost entirely by his wife and sister-in-law, who drove him out to the golf course and around the town.

 "The rule prevailing in most jurisdictions is that the total disability contemplated by an accident insurance policy does not mean, as its literal construction would require, a state of absolute helplessness which can result only from loss of reason, since as long as one is in full possession of his mental faculties he is capable of transacting some part of his business, whatever it may be, although he is incapable of physical action." Harris v. New York Life Insurance Company, 195 La. 853, 197 So. 579, 582; Crowe v. Equitable Life Assurance Society, 179 La. 444, 154 So. 52; Broughton v. Mutual Life Insurance Co. of N. Y., 183 La. 908, 165 So. 140.

There is abundant evidence from which the jury could and did find that the heart ailment of the insured rendered him unable to perform the substantial and material acts of his business in the usual and customary way. It is without dispute that insured suffered a recurrence of the heart ailment in 1941. Moreover, his physicians had advised that he could not with safety do any work of any nature. He thereupon abandoned and gave up all work and relinquished an income of from $50,000 to $100,000 per year.

We find no reversible error in the record and the judgment of the court is affirmed.